**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

SOLANGE TRONCOSO,
*on behalf of herself and others similarly situated,*

                                   Plaintiff,          **Case No:**
                                                          **1:19-CV-02735(KPF)-KHP**

   -against-

INVENTURE FOODS, INC.                         **CONFIDENTIALITY**
                                                           **PROTECTIVE ORDER**
                                    Defendant.

---

       **WHEREAS**, this is a consumer protection claim involving various varieties of "TGI Fridays Potato Skins Snacks" chips (the "Lawsuit"); and

       **WHEREAS**, it is alleged in the Lawsuit that "TGI Fridays Potato Skins Snacks" chips were marketed and sold by Defendant Inventure Foods, Inc. and contain misleading labeling; and

       **WHEREAS**, the entry of a Confidentiality Protective Order will serve to protect, among other things, the confidentiality of non-public information relating to, among other things, the manufacture and sale of the products which have been identified in the pleadings; and

       **WHEREAS**, certain documents to be produced constitute trade secrets and reflect confidential research, development and commercial information; and

       **WHEREAS**, if such information was placed in the public domain, competitors would have an unfair advantage over Inventure Foods, Inc.; and

       **WHEREAS**, the dissemination of this confidential information would cause harm to Inventure Foods, Inc.; and

       **WHEREAS**, no public interest is served by permitting disclosure of this confidential information; and

**WHEREAS**, Rule 26(c)(1)(G) specifically states that the Court may enter an Order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed.R.Civ.P. 26(c)(1)(G); and

**WHEREAS**, the Confidentiality Protective Order complies with the Federal Rules of Civil Procedure and the Local Rules of the Court,

**ACCORDINGLY,** this 21st day of July, 2020, upon review of the Confidentiality Protective Order agreed upon by the above-captioned Plaintiff and Defendant ("Parties"), it is **ORDERED**:

1. <u>Material That May Be Designed As Confidential</u>.  Any Party may designate as "Confidential Material," in accordance with Paragraph 2 of this Protective Order, any or all of the following items to the extent they contain confidential information, as defined in Paragraph 2 of this Protective Order:  (a) documents and things produced by any Party at any time in the Lawsuit, including electronically stored information; (b) the Party's interrogatory answers, responses to document requests and responses to requests for admissions; (c) transcripts of depositions of any witness, including a corporate designee witness or expert witness; (d) documents and things produced in response to a subpoena issued in connection with this matter; (e) documents and things containing and/or reflecting technical, financial, proprietary or trade secret information; (f) documents and things reflecting personal identification and/or biographical information, including but not limited to an individual's date of birth or social security number; and (g) other information produced by any Party in the course of the Lawsuit. Any Party may designate any of the foregoing as Confidential Material at the time of, or within thirty (30) days of, its disclosure.

2. <u>Basis For Designation Of Material As Confidential</u>.  A Party may designate material as Confidential Material based upon a belief that the material is not publicly available and (a) constitutes trade secrets or other confidential research, development, technical, financial or commercial information not reasonably available to the public; (b) is subject to confidential settlement agreements and/or negotiations; (c) contains confidential information regarding clients; (d) is subject to privacy laws; (e) contains personal identification and/or biographical information; and/or (f) is otherwise confidential.  The Parties will act in good faith in designating any material as Confidential Material.

3. <u>Persons With Access To Confidential Material</u>.  Access to Confidential Material shall be limited to:

    a. The Parties to the Lawsuit (including employees of the Parties);

    b. Counsel for the Parties (including employees and agents of counsel);

    c. The Court presiding over the Lawsuit and its employees;

    d. Experts and consultants employed, retained or otherwise consulted by the Parties for the purpose of analyzing data, conducting studies or providing opinions for assistance in the Lawsuit;

    e. A Party's insurers, reinsurers and auditors;

    f. Copy or computer services for the purpose of copying or indexing documents; and

    g. Mediators

4. <u>Permissible Use Of Confidential Material</u>.  Confidential Material shall be used for purposes of the Lawsuit only.  Any person having access to Confidential Material, per Paragraph 3 of this Protective Order, shall use it only for the purposes of the Lawsuit.

5. <u>Precondition To Access To Confidential Material</u>.  Any person furnished with a copy of, or otherwise given access to, Confidential Material, shall first be given a copy of this Protective Order and must, prior to reviewing any Confidential Material, sign a written acknowledgment (in the form annexed hereto as Exhibit A) indicating that he/she has read this Protective Order and agrees to be bound by its terms.  The individuals in Paragraph 3(a), (b), (c), and (e) need not sign a written acknowledgment. Counsel for Plaintiff and Counsel for Defendant shall maintain any and all such written acknowledgments, along with a complete list of any and all persons who have been shown, reviewed or received Confidential Material.  The list shall be made available for inspection in the event that inspection is so ordered by the Court. Except however, that no Party shall be obligated to disclose until the conclusion of the case the identity of a person with access to Confidential Material who is an expert not expected to be called at trial or whose identity is otherwise protected from disclosure by the governing Rules of Civil Procedure and/or governing law.

6. <u>Procedures For Designating Confidential Material</u>.

　　　a. <u>Documents and Things</u>.  Written notice of confidentiality to the Receiving Party or marking a document or thing as Confidential Material shall suffice to designate documents and things produced as Confidential Material.

　　　b. <u>Interrogatory Answers, Responses To Documents Requests, And Responses to Requests for Admissions</u>.  Specific interrogatory answers, responses to document requests and responses to requests for admissions may be designated by the Producing Party as Confidential Material by identifying the specific answer or response with Confidential Material or by written notice of confidentiality to the Receiving Party.

      c.    <u>Deposition Testimony</u>.  A Party may designate portions of deposition testimony as Confidential Material on the record during the deposition or by giving written notice to the other Parties within thirty (30) days after receipt of the final deposition transcript. The transcript shall automatically be treated as Confidential Material until the thirty (30) days elapses.

    7.    <u>Copies of Confidential Material</u>.  All copies of any document or thing which is designated as Confidential Material shall be treated as confidential and subject to the terms of this Protective Order.

    8.    <u>Treatment of Documents Produced for Inspection</u>.  If any Party makes its documents available for inspection to permit any other Party to select documents it wishes to have copied (regardless of how such production takes place), then all such documents made available for inspection shall be deemed to be Confidential Material, under the terms of this Protective Order, during the course of such inspection.  After the Inspecting Party identifies those documents it wishes to have copied, the Producing Party may mark any such documents as Confidential Material in accordance with the terms of this Protective Order, before permitting the documents to be copied or before providing such copies to the Inspecting Party.

    9.    <u>Non-Waiver Pursuant to Federal Rule of Evidence 502</u>.  The parties to this Protective Order intend to invoke the protections of Federal Rule of Evidence 502 and the procedures set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  If a Party discovers through any means that it has inadvertently produced privileged materials (including but not limited to material protected by the attorney-client privilege and/or the attorney work product doctrine), non-responsive information, or information that the Producing Party has objected to producing (collectively referred to as the "Inadvertently Produced Information"), the Producing Party may

provide written notice to the Receiving Party that the material was inadvertently produced, which notice shall include a statement of the basis for the Producing Party's contention that the material is privileged or is otherwise non-responsive to any then-pending discovery requests, or is subject to an objection.  This shall be deemed to comply with the Party's obligation to take reasonable steps to rectify disclosure, pursuant to Fed. R. Evid. 502(b)(3).  After receiving such notice, the Receiving Party must promptly return or destroy the Inadvertently Produced Information, including any copies thereof.  If the Receiving Party contends in good faith that the Inadvertently Produced Information is discoverable, the Receiving Party may promptly present the Inadvertently Produced Information to the Court under seal for a determination of whether the information is discoverable and shall not use or disclose the information until there is an agreement or adjudication that the information is discoverable.  If the Receiving Party disclosed the Inadvertently Produced Information before being notified, it must take reasonable steps to retrieve it.  The Producing Party must preserve the Inadvertently Produced Information until all disputes regarding its discoverability have been resolved.  The parties intend to invoke the procedures and protections provided for in Fed. R. Evid. 502 and this Protective Order shall constitute an Order pursuant to Fed. R. Evid. 502(d).

10. <u>Inadvertent Disclosure By Receiving Party</u>.  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the acknowledgement attached hereto as Exhibit A.

11. <u>Filing and Use of Confidential Material in Court</u>.  The Parties shall comply with the Court's Rules regarding filing Confidential Material under seal.

12. <u>Disclosure of Confidential Material in Other Actions</u>.  During the pendency of this litigation and before the return of Confidential Material, if any person subject to this Protective Order ("Recipient") receives a subpoena or discovery demand to copy, inspect, or produce Confidential Material, then the Recipient shall, within five (5) days after receiving the request, provide notice thereof to the Party that designated such material as Confidential Material.  The Recipient shall object to any such request for production on the ground of this Protective Order and shall not disclose said Confidential Material until either:  (a) the Recipient receives written permission from the Producing Party allowing disclosure; or (b) the Recipient is ordered by a court or other tribunal to produce the Confidential Material.

13. <u>Objections to Designations</u>.  If a Party objects to the designation of any material as Confidential Material, then that Party shall state the objection by letter to counsel for the Party making the designation.  If the Parties cannot resolve the objections following a good faith meet and confer, then the Party making the Confidential Material designation may move the Court for an order resolving the confidential designation.  Until the Court rules on any such motion, the materials shall be deemed Confidential Material under the terms of this Protective Order.

14. <u>Return of Confidential Material</u>.  Within thirty (30) days after the conclusion of this Lawsuit, and at the discretion of the Producing Party, each Party shall:  (a) return to counsel for the Producing Party all Confidential Material produced by that Party, including any copies thereof; or (b) destroy such Confidential Material and provide a written confirmation to the Producing Party that such Confidential Material was destroyed.

15. <u>Reservation of Rights</u>.  The Parties agree that the execution of this Protective Order shall not constitute a waiver of any rights existing under any applicable law or court rules, including the attorney-client privilege and the work product doctrine.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to the use as evidence of any of the material covered by this Protective Order.

16. <u>Disputes Arising Out of This Protective Order</u>.  The Parties agree that money damages for any breach or threatened breach of this Protective Order are inadequate and that, without prejudice to any other rights and remedies otherwise available to them, the Parties shall be entitled to seek and obtain temporary or injunctive relief for any breach or threatened breach of this Protective Order without the necessity of posting a bond.

17. <u>Applicable Law</u>.  The Parties agree that this Protective Order shall be governed by the laws of the State of New York, without regard to the choice of law rules of New York or of any other jurisdiction.

18. <u>No Limitation on Legal Obligations to Disclose and Preserve Information.</u>  This Protective Order shall not serve to modify, limit or in any way disparage any legal obligation or right with regard to the disclosure and/or preservation of information to the extent required by any law, rule, regulation, order or other directive.

19. <u>Court's Reservation of Rights</u>. The Court retains the right to allow disclosure of any subject covered by this Protective Order or to modify this Protective Order at any time in the interests of justice upon notice to the parties.

| | |
|---|---|
| **COZEN O'CONNOR** | **LEE LITIGATION GROUP, PLLC** |
| By: */s/ Richard Fama* | By: */s/ C.K. Lee* |
| Richard Fama, Esquire | CK Lee |
| F Brenden Coller, Esquire | *Attorney for Plaintiff* |
| *Attorneys for Defendant* | |
| Dated: July 21, 2020 | Dated: July 21, 2020 |

```
This confidentiality agreement does not bind the Court or any of its
personnel.  The Court will retain jurisdiction over the terms and
conditions of this agreement only for the pendency of this litigation.
Any party wishing to make redacted or sealed submissions shall comply
with Rule 6(A) of this Court's Individual Rules of Civil Procedure.


Dated:     July 21, 2020                SO ORDERED.
           New York, New York
```

*[signature: Katherine Polk Failla]*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

SOLANGE TRONCOSO,
*on behalf of herself and others similarly situated,*

                                        Plaintiff,      **Case No:**
                                                             **1:19-CV-02735(KPF)-KHP**

  -against-

INVENTURE FOODS, INC.                          **CONFIDENTIALITY**
                                                             **PROTECTIVE ORDER**
                                        Defendant.

---

**CONFIDENTIALITY ATTESTATION**
**(Exhibit "A" to Protective Order)**

      I hereby attest to my understanding that information and/or documents designated as "Confidential Material" may be provided to me pursuant to the terms, conditions and restrictions of a Protective Order entered in the above-captioned matter; that I have been given a copy of the Protective Order; and that I hereby agree to be bound by its terms.

      I further agree that I shall not disclose to others, except in accordance with the terms of the Protective Order, such information or documents, and that such information or documents shall be used only for the purpose of the legal proceeding in which the documents were produced.

      I further agree and attest to my understanding that my obligation to honor the confidentiality of such information or documents will continue even after the termination of this legal proceeding and that I submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of enforcing the Protective Order.

_____
Print Name

_____
Signature

_____
Date